1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9    ANTHONY AGUIAR,

10               Plaintiff,                    CIV. NO. S-11-2827 JAM GGH

11        vs.

12   CALIFORNIA SIERRA EXPRESS, INC.,

13               Defendant.                    ORDER
14   _____/

15               Previously pending on this court's law and motion calendar for February 9, 2012

16   was defendant's motion to stay discovery, filed February 1, 2012.[1]  Misasha Suzuki appeared for

17   defendant.  Peter Samuel represented plaintiff.  Having heard oral argument and reviewed the

18   motion and opposition, the court now issues the following order.

19   BACKGROUND

20               This putative class action was removed to this court from Yolo County Superior

21   Court by defendants on October 26, 2011, based on diversity.  Plaintiff purports to represent a

22   class of employees, hourly paid truck drivers employed by defendant who seek injunctive relief

23   and damages for workplace violations.  Claims are for violations of California Labor Code §§

24   201-203, 226, 226.7, 512, 558, 1198, and California Business and Professions Code § 17200, *et*

25   _____

26   [1]  The motion was initially filed on November 30, 2011, and noticed on the district
     judge's calendar.  (Dkt. no. 10.)

*seq*., for rest periods, meal periods, itemized wage statement penalties, waiting time penalties and restitution.  On January 26, 2012, by stipulated order, plaintiff was directed to file an amended complaint, and defendant was directed to file a response to it.  The amended complaint had been submitted previously as an attachment to the parties' stipulation for filing amended complaint, filed January 24, 2012.  (Dkt. no. 12.)

Defendant filed the instant motion to stay discovery, on the basis that the amended complaint would not survive an Iqbal analysis because it alleged no facts, and because the California Supreme Court is currently considering a case which may decide the issue of whether an employer must "provide" meal breaks as opposed to whether the employer must "ensure" that meal and rest breaks are taken.

DISCUSSION

    A.  Standards For Granting A Stay Of Discovery

This court has great discretion to issue protective orders denying discovery. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979).  Nonetheless, the Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977).  To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements . . . ." Id.; Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont. 1986).

This court generally applies a two pronged analysis in deciding whether to grant a protective order staying discovery before other pending motions can be heard.  First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.  Panola Land Buyer's Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985).  Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment.  Id.; see also,

1  Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).  The court may, for example,

2  stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the

3  action is moot.  B.R.S. Land Investors, 596 F.2d at 356; Wood v. McEwen, 644 F.2d 797, 801

4  (9th Cir. 1981).

5         Second, the court must determine whether the pending dispositive motion can be

6  decided absent additional discovery.  See, e.g., Church of Scientology of San Francisco v.

7  Internal Revenue Service, 991 F.2d 560, 563 (9th Cir. 1993), vacated in part on other grounds, 30

8  F.3d 101 (9th Cir. 1994).  If the court answers these two questions in the affirmative, a protective

9  order may issue.  However, if either prong of this test is negative, discovery proceeds.  Denying a

10  protective order is particularly appropriate if a stay of discovery could preclude either party from

11  fully preparing for the pending dispositive motion.  Id.

12       B.  Analysis

13        Defendant originally brought this motion on two grounds, that its intended motion

14  to dismiss would substantially narrow the scope of discovery or eliminate the need for it, and

15  because a pending California Supreme Court case, Brinker Restaurant Corp. v. Superior Court,

16  165 Cal.App.4th 25 (2008), petition for review granted, 85 Cal. Rptr.3d 688 (Cal. 2008), should

17  be decided by April 12, 2012, and will significantly impact the scope of this case.

18        At hearing, it became apparent that both parties did not want to be in federal

19  court.  Defendant sought to stay discovery pending its soon to be filed second motion to dismiss,

20  and plaintiff had filed a motion to remand the action to state court.  Previously, on January 26,

21  2012, defendant's initial motion to dismiss and motion to strike had been deemed withdrawn by

22  order, pending the filing of an amended complaint.  Although plaintiff's motion to remand was

23  not withdrawn or vacated, plaintiff indicated at hearing that his motion to remand, filed

24  November 23, 2011, and scheduled for hearing on February 8, 2012, was not heard on that date.

25  When he went to the hearing on that date, it appeared that the motion had been taken off

26  calendar.  On February 9th, at the hearing on the motion to stay, the undersigned directed

3

1  plaintiff to contact the chambers of Judge Mendez in order to place the motion to remand back

2  on the calendar.  The undersigned indicated his intention to stay discovery pending a decision on

3  the motion to remand.

4          On February 9, 2012, after the hearing on the instant motion, plaintiff re-filed the

5  first amended complaint, which had been filed on January 24, 2012 by stipulation of the parties.

6  (Dkt. nos. 12, 23.)   Since the time of this court's February 9th hearing, no motion to remand has

7  been filed or scheduled.  In the meantime, defendant has filed a motion to dismiss, scheduled to

8  be heard on May 2, 2012.  Based on this sequence of events, discovery will be stayed until May

9  2, 2012.

10  CONCLUSION

11          Accordingly, IT IS ORDERED that: defendant's motion to stay discovery, filed

12  November 30, 2011, and renewed on February 1, 2012 (dkt. nos.10, 21), is granted in part.  All

13  discovery is stayed until May 2, 2012.  If defendant seeks a further stay beyond May 2nd, it shall

14  make such a request to the district judge at the hearing on the motion to dismiss.

15   DATED: March 12, 2012

16                                    /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE
17  GGH:076:Aguiar2827.sta.wpd

18

19

20

21

22

23

24

25

26

4