Troy M. Yoshino, No. 197850
James W. Henderson, Jr., No. 71170
Billie D. Hausburg, No. 235193
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA  94104
Telephone:     415.989.5900
Facsimile:      415.989.0932
Email:      tyoshino@cbmlaw.com
                 jhenderson@cbmlaw.com
                 bhausburg@cbmlaw.com

Attorneys for Defendant
CALIFORNIA SIERRA EXPRESS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AGUIAR, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA SIERRA EXPRESS, INC., a Nevada corporation; DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 2:11-cv-02827-JAM-GGH<br><br>**ORDER GRANTING CALIFORNIA SIERRA EXPRESS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND DISMISSING ACTION WITH PREJUDICE**<br><br>Hon. John A. Mendez |

CBM-PRODUCTS\SF542820

**ORDER DISMISSING ACTION WITH PREJUDICE—CASE NO. 11-CV-02827-JAM-GGH**

PDF created with pdfFactory trial version www.pdffactory.com

On May 2, 2012, Defendant California Sierra Express, Inc.'s ("Defendant" or "California Sierra Express") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") and Strike Class Allegations (Doc. # 25) came on for hearing before the Honorable John A. Mendez.[1] Defendant also submitted a Request for Judicial Notice in Support of its Motion to Dismiss and to Strike (Doc. # 26). Plaintiff did not oppose Defendant's Motion or its Request for Judicial Notice, but requested leave to file a Second Amended Complaint. *See* Doc. # 28 (Pl. Not. of Non-Opp'n). After reviewing all documents in support of and in opposition to the Motion, the Court hereby GRANTS California Sierra Express's Motion and DISMISSES this action WITH PREJUDICE, and without further leave to amend.

Plaintiff's attempt to maintain a putative class action on behalf of former and current employees of California Sierra Express for alleged violations of several provisions of the California Labor Code as well as unfair business practices under the California Business and Professions Code section 17200 ("UCL") fails for the following independent reasons.

## I. THE FEDERAL AVIATION ADMINISTRATION AUTHORIZATION ACT, 49 U.S.C. § 14501 *ET SEQ.* ("FAAAA"), PREEMPTS PLAINTIFF'S CLAIMS

Congress enacted the FAAAA to preempt and eliminate burdensome state laws that affect the interstate trucking industry. *See* 49 U.S.C. § 14501. The FAAAA thus preempts laws that effectively "interfere[] with competitive market forces in the industry as to routes, services, or pricing." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 660 F.3d 384, 397 (9th Cir. 2011).

All of plaintiff's claims are related to California Labor Code provisions regarding meal and rest breaks (or compensation and record-keeping relating to alleged "unpaid wages for rest and meal periods"). *See, e.g.*, FAC ¶¶ 32-34, 37-39, 43-43, 46-47 (Doc. # 23). California Sierra Express could not avoid these claims without significantly impacting its trucking routes, services, and pricing. Among other things, the standards

---

[1] Troy M. Yoshino appeared on behalf of Defendant; plaintiff's counsel did not make an appearance.

plaintiff ultimately seeks to impose here would effectively bind California Sierra Express to schedules and frequencies of routes that allow for "off-duty breaks 'at specific times throughout the workday in a way that would interfere with competitive market forces within . . . the industry,'" and all of plaintiff's claims are preempted. *See Esquivel v. Vistar Corp.*, 2012 WL 516094, at *5 (C.D. Cal. Feb. 8, 2012) (citing *Dilts v. Penske Logistics LLC*, 819 F. Supp. 2d 1109, 1120 (S.D. Cal. 2011)). Plaintiff did not demonstrate that he can overcome these preemption issues, and the Court finds that he cannot do so. As such, the preemption argument Defendant makes is one reason to dismiss plaintiff's claims with prejudice, and without leave to amend.

## II. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST CALIFORNIA SIERRA EXPRESS FOR OTHER REASONS AS WELL

Plaintiff fails to allege facts sufficient to pass Fed. R. Civ. P. 12(b)(6) scrutiny under the principles set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff has already amended his complaint once, in lieu of responding to California Sierra Express's earlier-filed motion to dismiss (Doc. # 8), but he nonetheless continues to assert "threadbare, legal conclusions that merely parrot the statutory requirements" of provisions of the California Labor Code and the UCL. *See Nelson v. Dollar Tree Stores, Inc.*, Case No. 11-1334 JAM-CMK, 2011 WL 3568498 (E.D. Cal. Aug. 15, 2011). Because plaintiff's FAC does not contain sufficient factual matter alleging a plausible claim to relief, and because plaintiff already has had an opportunity to amend in response to prior Rule 12 Motions by California Sierra Express, dismissal with prejudice is now warranted. *Iqbal*, 129 S. Ct. at 1951.

## III. AMENDMENT WOULD BE FUTILE

"Leave to amend is properly denied where amendment would be futile." *Cigarettes Cheaper! v. State Bd. of Equalization*, No. 11-00631-JAM-EFB, 2011 WL 2560214, at *2 (E.D. Cal. June 28, 2011); *see also Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987) ("[F]utility includes the inevitability of a claim's defeat on summary judgment."). Amendment here is futile because plaintiff's claims are subject to dismissal

on preemption grounds, the FAC relies only on threadbare allegations and legal conclusions, and plaintiff cites no authority suggesting that California Sierra Express's Motion to Dismiss is without merit in any of the dispositive grounds it asserts.

Separately, plaintiff's failure to properly request leave to amend is an independent basis for dismissal with prejudice. Plaintiff neither attached the proposed amended pleading nor lodged a proposed order in accordance with Local Rule 137(c). *See* Doc. # 28 (Pl. Not. of Non-Opp'n). Consequently, the Court cannot evaluate whether plaintiff qualifies for leave to amend, and, under the circumstances here, any attempt to do so would be "an exercise in futility" and create undue delay. *See Himmelberger v. Lamarque*, 2008 WL 5234046, at *3-*4 (N.D. Cal. Dec. 15, 2008); *see also Cigarettes*, 2011 WL 2560214, at *2. Plaintiff's FAC is thus dismissed with prejudice, and without leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS California Sierra Express's Motion and DISMISSES this action against it WITH PREJUDICE. California Sierra Express's Motion to Strike Class Allegations is denied as moot.

**IT IS SO ORDERED.**

Dated: May 3, 2012

/s/ John A. Mendez
The Hon. John A. Mendez
Judge of the U.S. District Court